UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CATHLEEN OMILIAN, | Case No. 25-10743 |
| Plaintiff, | F. Kay Behm |
| v. | United States District Judge |
| VON MAUR, INC., | Curtis Ivy, Jr. |
| | United States Magistrate Judge |
| Defendant. | |
| _____/ | |

## ORDER ON DEFENDANT'S MOTION TO COMPEL (ECF No. 13)

Pending before the Court is Defendant Von Maur, Inc.'s, *Motion to Compel Plaintiff's Deposition* (Doc. 13). Defendant moves the Court to order Plaintiff Cathleen Omilian to appear at a deposition within thirty (30) days. In support of the motion, Defendant stated that they have noticed Plaintiff's deposition multiple times, yet they have been unable to take her deposition. Defendant indicated that Plaintiff's deposition had to be postponed twice due to an issue obtaining record authorizations from Plaintiff so that they could obtain her medical records prior to the deposition. The third attempt was scheduled for September 9, 2025, but was cancelled the day before due to Plaintiff stating that she fell ill. The fourth attempt to take Plaintiff's deposition was scheduled for October 9, 2025, at the office of Plaintiff's counsel, but Plaintiff did not appear and did not respond to her counsel's attempts to contact her.

On October 30, 2025, the Court held a status conference on this matter during which counsel for Plaintiff indicated that there was no objection to the motion and requested another opportunity to assist in scheduling Plaintiff's deposition.

Accordingly, upon consideration of the motion, for the reasons as stated, and for good cause, it is **ORDERED** that Defendant's *Motion to Compel Plaintiff's Deposition* (Doc. 13) be and is hereby **GRANTED**. Within thirty (30) days of the date of this Order, Plaintiff shall agree to a date and appear for a deposition in this case.

The Court notes that Defendant incurred expenses because of Plaintiff's failure to appear at the two confirmed depositions. Even so, Defendant did not request reimbursement of fees and expenses at this time, and under the circumstances discussed during the status conference, the Court declines to award costs and fees. Fed. R. Civ. P. 37(a)(5). Plaintiff is warned that should she continue to ignore Defendant, her counsel, and this Court, costs, fees, and sanctions may be appropriate. Federal Rule of Civil Procedure 37(b)(2)(A) provides that a court may impose sanctions upon a party who fails to obey an Order to provide or permit discovery. Among the possible sanctions a court may impose are "dismissing the action or proceeding in whole or part[,]" and/or

"reasonable expenses, including attorney's fees." Fed. R. Civ. P. 37(b)(2)(A)(v), 37(b)(2)(C).

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: October 30, 2025         s/Curtis Ivy, Jr.
                               Curtis Ivy, Jr.
                               United States Magistrate Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on October 30, 2025.

                                                s/Sara Krause
                                                Case Manager
                                                (810) 341-7850